UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JAMES K. BEARD and SUNSHINE M. BEARD,<br><br>        Appellants,<br><br>v.<br><br>OCWEN LOAN SERVING, LLP and ALDRIDGE PITE, LLC,<br><br>        Appellees. | Case No. 6:15-cv-01858-AA<br>Bankr. Case No. 12-61206-tmr7<br><br>OPINION AND ORDER |

AIKEN, Judge:

      Appellant James Beard appeals a ruling of the United States Bankruptcy Court. Beard argues that the Bankruptcy Court erred by denying his motion for contempt sought against Appellees Ocwen Loan Servicing, LLP (Ocwen) and Aldridge Pite, LLC (Aldridge), the law firm who represented Ocwen. In denying the motion, the Bankruptcy Court found that Ocwen and Aldridge had not violated the discharge injunction by obtaining foreclosure judgments. I find no error and affirm the decision of the Bankruptcy Court.

1      - OPINION AND ORDER

## STANDARD

The Bankruptcy Court's findings of fact shall not be set aside unless clearly erroneous. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). Issues of law are reviewed de novo, as are mixed questions of law and fact. *In re Bammer*, 131 F.3d 788, 792 (9th Cir. 1997); *In re Jodoin*, 209 B.R. 132, 135 (9th Cir. B.A.P. 1997).

## DISCUSSION

The only issue raised in this appeal is whether foreclosure judgments obtained by Ocwen constituted liens on Beard's non-foreclosure property.

In March 2005, Beard obtained a mortgage loan from GMAC Mortgage Corporation (GMAC) for property located at 416 Laurel Street in Medford, Oregon. In November 2007, Beard obtained a second loan from GMAC for property located at 1604 W. Main Street in Medford. Beard defaulted on both loans in 2011.

In March 2012, Beard filed a Chapter 7 bankruptcy petition. GMAC obtained relief from the automatic bankruptcy stay and was allowed to proceed with foreclosure on both properties. In June 2012, plaintiff received a Chapter 7 discharge of debts.

In November 2012, GMAC initiated foreclosure proceedings on the Main Street property. Subsequently, Ocwen assumed servicing of the loan and was substituted as the plaintiff. Aldridge served as counsel for GMAC and Ocwen in the lawsuit.

In March 2013, Ocwen, as the loan servicer, initiated foreclosure proceedings on the Laurel Street property. Aldridge again served as Ocwen's counsel.

In January 2014, judgments were entered and Ocwen was allowed to foreclose on both properties. As required by Oregon law at the time, the foreclosure judgments included as money

awards the amount owed under the promissory notes and secured by the deeds of trust on the properties.

Ocwen purchased the properties at a sheriff's sale held in February 2014. It then filed full satisfaction of money awards with respect to both judgments.

Shortly thereafter, Beard was allowed to reopen his bankruptcy case, and he moved for contempt against Ocwen and Aldridge for allegedly violating the bankruptcy discharge injunction. After briefing and hearing on the issue, the Bankruptcy Court found no violation of the discharge injunction and denied the motion. I find no error.

Beard does not argue that Appellees violated the discharge injunction by seeking to foreclose on the Laurel Street and Main Street properties, nor could he given the relief from stay obtained by GMAC. The discharge injunction does not bar enforcement of pre-petition liens against property. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Rather, Beard argues that Appellees violated the injunction simply by obtaining foreclosure judgments that included money awards in the amount of indebtedness owed under the promissory notes. Beard argues that by including the amount of debt secured by the properties, the foreclosure judgments created post-petition liens on other properties owned by Beard, in violation of the discharge injunction.

The discharge injunction bars recovery or collection of pre-petition debts as personal liabilities of the discharged debtor. 11 U.S.C § 524(a). Aside from obtaining the foreclosure judgments, Beard cites no action taken by Appellees allegedly in violation of the discharge injunction. I agree with the Bankruptcy Court that the foreclosure judgments did not create personal liability against Beard as post-petition liens against non-foreclosure properties.

At the time of the foreclosure, Oregon law provided that state courts "shall enter a judgment for the amount of the debt against the lien debtor" if the debtor had "given a

promissory note or other personal obligation for the payment of the debt." Or. Rev. Stat. § 88.010(1)(2013); *see also id.* § 18.862(1) (2013). The amount of the money award determined the amount that the judgment creditor could bid at the sale and the amount of proceeds that would be paid to the judgment creditor. *Id.* §§ 18.936(1)(c),(2), 18.950. Regardless of the money award in the judgment, the debtor was not responsible for any deficiency between the amount of the debt and the sale price of the property unless the foreclosure judgment expressly provided for execution of the deficiency and enforcement of the judgment after sale of the property. *Id.* § 86.797(3) (2013).

In this case, Beard signed promissory notes for payment of the debt secured by the properties. Thus, in order to comply with Oregon law, the foreclosure judgments were required to include money awards in the amount of the debt owed by Beard. That fact alone, however, does not mean that the judgments created personal liability against Beard. As the Bankruptcy Court noted, Oregon law has emphasized that the money award required by § 88.010(1) does not in and of itself create in personam liability but generally denotes the amount owed. *See Wright v. Nothagel,* 163 Or. 156, 161-62, 96 P.2d 228 (1939); *Bruckman v. Healy,* 126 Or. 129, 133-34, 268 P. 1001 (1928); *Wright v. Wimerly,* 94 Or. 1, 16 184 P. 740 (1919). As found by the Bankruptcy Court, "the judgments were necessary elements to judicial foreclosure of the interest in the subject properties." ER 67.

In fact, the foreclosure judgments in this case do not permit execution of a deficiency amount and instead explicitly state that any money award is to be "satisfied by the sale of the Subject Property as directed under this judgment." ER 199-200, 238. Thus, the judgments make clear that Appellees could not enforce the money awards beyond the sale of the properties. Moreover, Ocwen filed full satisfactions of money award with respect to both judgments. ER

4     - OPINION AND ORDER

203, 246. Finally, there is no evidence that liens actually attached to Beard's non-foreclosure properties, only that a third-party title company mistakenly believed liens were created. ER 30, 39, 47-48, 67.

As found by the Bankruptcy Court, the judgments did not impose personal liability against Beard, and Appellees did not violate the discharge injunction.

## CONCLUSION

Accordingly, the decision of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

Dated this 13th day of May, 2016.

_____
Ann Aiken
United States District Judge

5      - OPINION AND ORDER